UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-331-JBC

CHARLES GLENN SIZEMORE                                                                    PLAINTIFF

V.                         MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Charles Glenn Sizemore's appeal of the Commissioner's denial of his application for Disability for Insurance Benefits. The court will grant the Commissioner's motion, R. 11, and deny Sizemore's motion, R. 10, because substantial evidence supports the administrative decision.

At the date of application for Disability Insurance Benefits ("DIB"), Sizemore was a forty-six-year-old male. AR 135. He completed the eleventh grade and can communicate in English. AR 164, 166. Prior to the alleged disability, Sizemore worked in an underground coal mine as a "shuttle car operator, a roof bolter, and a scoop operator."  AR 42, 167. He alleged disability beginning in May of 2009, claiming pain in his back, left hip, and left leg. AR 29,165. He filed his claim for DIB on December 30, 2009. AR 135. It was denied initially on May 3, 2010, and upon reconsideration on July 26, 2010. AR 80-83, 86-88. After a hearing on April 14, 2011, Administrative Law Judge ("ALJ") William C. Zuber determined that

1

Sizemore was not under a disability within the meaning of the Social Security Act. AR 11-18. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health and Human Servs.*, 14 F. 3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Sizemore has not engaged in substantial gainful activity since May 30, 2009, the alleged onset date, AR 13; that he has severe impairments, including "residuals of left hip, back, and pelvis injuries," AR 13; that his impairments or combination of impairments did not meet or equal any listing in the Listing of Impairments, AR 14; that he has the "residual functional capacity ["RFC"] to perform light work", except that he is to have "a sit stand option 30-45 minutes and is limited to occasional climbing of ramps and stairs, stooping, crouching, crawling, and kneeling" and is not permitted to climb ladders, ropes, or scaffolds, nor may he be exposed to dangerous machinery, AR 15; that he is unable to perform any past relevant work, AR 17; and that based on his RFC, a significant number of jobs exist in the national economy that he can perform, AR 17. The ALJ thus denied his claim for DIB on April 14, 2011. AR 11-18. The Appeals Council denied Sizemore's request for review on October 26, 2011, AR 1-4, and he commenced this action.

Sizemore challenges the ALJ's decision on the following grounds: (1) the ALJ erred in relying on the testimony of the vocational expert ("VE"); (2) the ALJ erred when he relied on an inadequately stated hypothetical; and (3) the ALJ erred in finding that substantial evidence existed to conclude that Sizemore is not disabled. R. 10-1.

The ALJ properly considered the VE's testimony regarding the determination that the national economy provided alternative jobs suitable for Sizemore. Sizemore contends that the VE should have laid a foundation for his testimony and, particularly, he should have cited the DOT numbers for the jobs he claimed Sizemore could perform. R. 10-1. However, the ALJ and the VE are not required to note their reliance on the specific DOT sections. *Conn. v. Sec'y of Health and Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995). Sizemore further asserts that under Social Security Ruling 00-4p, the ALJ has an affirmative duty to inquire as to whether a conflict exists between the VE's testimony and the DOT numbers. R. 10-1; 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000); *See Lindsey v. Commissioner of Social Security*, 560 F.3d 601, 605 (6th Cir. 2009). However, SSR 00-4p rests on the notion that the ALJ must inquire into the conflict only if one exists. Sizemore's counsel did not show an existing conflict and failed to seize his opportunity to question the VE at the hearing. R. 10-1. No case law suggests that the VE is required to lay the foundation for his testimony and cite the DOT numbers for the jobs that he stated Sizemore could perform. Therefore, the ALJ properly relied on the VE's testimony, because substantial evidence exists for his conclusion.

The ALJ also appropriately stated the hypothetical question to the VE. Sizemore asserts that the hypothetical did not adequately state his impairments because it did not take Dr. Hoskins's opinion into account. R. 10-1. Dr. Hoskins was Sizemore's examining doctor. First, it is the ALJ's task to assess the

3

claimant's RFC based on the relevant evidence in the record, which, among other sources, includes doctors' opinions. *See* 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 404.1546(c), 416.913(b), 416.927, 416.945, 416.946(c); Social Security Ruling (SSR) 96-5p, 1996 WL 374183. However, the ALJ is not required to justify his reasoning if he disregards a portion of the examiner's opinion, so long as the ALJ's finding is supported by substantial evidence. *See Dykes ex. rel. Brymer v. Barnhart*, No. 03-6076, 2004 WL 2297874, at *3-5 (6th Cir. Oct. 12, 2004). Second, contrary to Sizemore's assertions, Dr. Hoskins's findings are not entitled to special deference because he is an examining doctor, not a treating physician. *See Barker v. Shalala*, 40 F.3d 789, 794 (1994). The examining relationship is simply a factor in considering the weight of the doctor's opinion. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.928(d)(1).

The ALJ's hypothetical is based upon several doctors' opinions. The ALJ properly considered Dr. Hoskins's opinion. Dr. Hoskins found that Sizemore should not have "prolonged or repetitive use of equipment that subjects the spinal column to vibration." AR 479. He also found that the claimant should not participate in "activities that involve sustained posturing of the lumbosacral spine at extremes of motion or repetitive movements into extremes of lumbosacral motion." AR 479. The ALJ sufficiently accounted for most of Dr. Hoskins's findings by including the following in his hypothetical: the individual is limited to occasional climbing of ramps, ladders, and stairs; occasional stopping, crouching, kneeling or crawling; no balancing; no exposure to dangerous machinery or unprotected heights. AR 15, 43.

4

In addition to the opinions of Dr. Hoskins, the ALJ uses Dr. Koerber's opinion to support the hypothetical. AR 417-23. Dr. Koerber said that Sizemore could sit, stand, move about, hear, and speak; and that Sizemore is also able to lift and handle objects. AR 420. Therefore, the ALJ properly constructed the hypothetical.

Lastly, the ALJ's decision was appropriately supported by substantial evidence in the record. The ALJ recognizes Sizemore's injuries but finds his testimony not fully credible. AR 16. Sizemore refused referrals for pain management and was reluctant to share his drug history with the court. AR 32-34, 267-68, 318. The ALJ then considered doctors' opinions, which, through their examinations and medical records, provide substantial evidence to support the findings. The ALJ's proper consideration of both Dr. Hoskins's and Dr. Koerber's findings is noted above. AR 416-23, 473-81.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Charles Sizemore's motion (R.10) is **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's motion (R.11) is **GRANTED**.

The court will enter a separate judgment.

5

Signed on July 26, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY